## UNITED STATES v. WYATT.

### (District Court, D. Delaware. April 22, 1903.)

1. POSTAL LAWS—OFFENSES—MAILING OBSCENE, LEWD, OR LASCIVIOUS LETTER.
    The words obscene, lewd and lascivious as used in section 3893 of the revised statutes of the United States, as amended, have reference to that form of immorality which relates to sexual impurity; and if a sealed letter, not written in the proper exercise of professional duty or of any legitimate calling rendering the use of its language necessary, contains matter offensive to the sense of chastity and naturally calculated or tending to suggest to or create in the mind of the addressee of the letter libidinous thoughts or to excite or give rise to sexually impure desires in the addressee, it is an offense against the statute to deposit it in the mails.

(Syllabus by the Court.)

Indictment for violation of Rev. St. § 3893, as amended [U. S. Comp. St. 1901, p. 2658], by mailing an obscene, lewd, or lascivious letter.

William M. Byrne, U. S. Dist. Atty.

J. Frank Ball, for defendant.

BRADFORD, District Judge (charging jury). The indictment in this case charges Maggie J. Wyatt, the defendant, with violating section 3893 of the United States revised statutes, as amended [U. S. Comp. St. 1901, p. 2658]. That section, as amended, in so far as it is pertinent to this case, provides that every obscene, lewd or lascivious letter is non-mailable matter and shall not be conveyed in the

¶ 1. Nonmailable obscene matter, see note to Timmons v. U. S., 30 C. C. A. 79.

See Post Office, vol. 40, Cent. Dig. § 50.

mails nor delivered from any post-office nor by any letter-carrier, and any person, who shall knowingly deposit or cause to be deposited such a letter for mailing or delivery, shall be punished as therein provided. The indictment alleges in substance that the defendant in February last unlawfully, wilfully and knowingly deposited or caused to be deposited in the post-office of the United States at Harrington, in this district, for mailing and delivery by the post-office establishment of the United States a certain obscene, lewd, or lascivious letter, enclosed in an envelope bearing the address of Minnie Daniels, Milford, Del. It is not disputed, but on the contrary it is expressly admitted, by the defendant and her counsel that the letter referred to in the indictment is in the handwriting of the defendant, and was by her knowingly deposited or caused to be deposited in the post-office at Harrington, as alleged in the indictment. That letter is in evidence before you. This case has been narrowed to a single question, namely, whether the letter in evidence is or is not an obscene, lewd, or lascivious letter within the meaning of the section of the revised statutes on which the indictment is founded.

The law presumes persons charged with crime to be innocent until they are proved beyond a reasonable doubt to be guilty; and a reasonable doubt is not a whimsical, arbitrary or purely speculative doubt; nor a mere conjecture or guess; but one which rests on a reasonable foundation. In this case, however, there is no dispute or question that the defendant knew the contents of the letter and deposited it or caused it to be deposited in the post-office at Harrington for mailing and delivery. Knowing the contents of the letter which she herself had written, she is chargeable with knowledge whether the objectionable words contained in the letter were or were not obscene, lewd, or lascivious. Every one who uses the mails of the United States for carrying letters or other papers must take notice of what in this enlightened age is meant by decency, purity and chastity in social life, and what must be deemed obscene, lewd and lascivious. Several witnesses have testified that for some years past the reputation of the defendant for peace, good order and chastity in the community in which she has resided during that period has been good. The purpose of such testimony is to enable the jury to determine the degree of improbability that the defendant who possesses such a reputation should have committed the crime for which she has been indicted. What weight is to be given to the good reputation of the defendant in any case rests solely with the jury. In this case, however, as before stated, it is not disputed, but admitted, that the defendant wrote and mailed or caused to be mailed the letter in question, and had full knowledge of its contents; and having such full knowledge she is chargeable with knowledge whether the words complained of by the government were or were not obscene, lewd, or lascivious. A letter need not be obscene, lewd, or lascivious in each of its sentences or in all its parts in order to be an obscene, lewd, or lascivious letter within the meaning of the statute. If it be obscene, lewd, or lascivious in one or more parts or sentences or portions of sentences it is an obscene, lewd, or lascivious letter within the meaning of the statute. The contents of a letter may be coarse, vulgar and indecent, and yet the letter not be

obscene, lewd, or lascivious within the meaning of the statute. It does not follow from the mere fact that the contents of a letter are coarse, vulgar and indecent, that such letter must be obscene, lewd, or lascivious within the meaning of the statute. The words obscene, lewd and lascivious as used in the statute have reference to that form of immorality which relates to sexual impurity, and a sealed letter to be obscene, lewd and lascivious must contain matter offensive to the sense of chastity and naturally calculated or tending to suggest to or create in the mind of the addressee of the letter libidinous thoughts or to excite or give rise to sexually impure desires in the addressee. Such a letter must have a tendency to deprave the moral senses by suggesting or appealing to sexual lust, and the objectionable language must not have been used in the proper exercise of professional duty or of any legitimate calling rendering the use of such language necessary. It is immaterial, so far as the guilt or innocence of the defendant is concerned, whether the letter in evidence was or was not written in reply to any communication from another person. A crime committed by a defendant cannot be palliated or excused by the fact that it may have been committed at the request of another. The important question for your determination is not whether the letter in evidence would if it had been addressed to any of the jury have created in the recipient sexual impulses. It is not necessary to a conviction that such should have been the case. Was there or not any necessity or excuse for the use by the defendant of the objectionable language contained in the letter? And if there was not, was or was not that language of such a character as necessarily to present to the mind of the addressee a picture or representation of sexual impurity or the indulgence of libidinous desires offensive to the sense of chastity? It is not necessary that the objectionable language in the letter in evidence should in fact have created impure sexual impulses or desires in the recipient of the letter which would not have existed but for the receipt of the letter. It is sufficient if the objectionable language in the letter was used without necessity or propriety, and was of such a character as to tend to deprave the moral sense by presenting to the mind of the addressee libidinous thoughts or a picture or representation of sexual impurity offensive to the sense of chastity. It is not necessary, nor would it be becoming, that the court should comment to you upon the language employed in the letter. It is before you for your examination. You will view it in the light of the principles of law as presented to you by the court and decide whether it was or not an obscene, lewd and lascivious letter. Unless you are satisfied beyond a reasonable doubt that the letter in evidence was obscene, lewd and lascivious within the definition heretofore given you will, of course, acquit the defendant. But if you are satisfied beyond a reasonable doubt that that letter is obscene, lewd, or lascivious in whole or in part within the definition heretofore given, you should return a verdict of guilty.

The court has been requested to give you instructions on several points in the language employed by counsel in the case. The charge of the court embraces in substance all the propositions of law suggested by counsel in so far as those propositions are in the opinion of the court properly applicable to this case. The guilt or innocence of

the defendant is to be determined by you as intelligent and conscientious men, upon the evidence adduced in this case, and upon that alone. No consideration of consequences which may result from your verdict should be permitted in any manner to influence your deliberations or control your verdict. No sentiment of animosity or of sympathy should be permitted to influence you in the discharge of the duty you have solemnly undertaken to perform.